IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK L. SMITH,

    Plaintiff,        ORDER

                  13-cv-591-wmc

PAUL MERGENDAHL, *et al.*,

    Defendants.

---

DERRICK L. SMITH,

    Plaintiff,        ORDER

                  13-cv-644-wmc

PAUL MERGENDAHL, *et al.*,

    Defendants.

---

DERRICK L. SMITH,

    Plaintiff,        ORDER

                  13-cv-645-wmc

PAUL MERGENDAHL, *et al.*,

    Defendants.

---

DERRICK L. SMITH,

    Plaintiff,        ORDER

                  13-cv-646-wmc

MELEE THAO, *et al.*,

    Defendants.

---

DERRICK L. SMITH,

        Plaintiff,        ORDER

                      13-cv-647-wmc

ATTY. DANIEL SNYDER, *et al.*,

        Defendants.

---

DERRICK L. SMITH,

        Plaintiff,        ORDER

                      13-cv-658-wmc

PAUL JUDGE VINCENT HOWARD

        Defendants.

---

DERRICK L. SMITH,

        Plaintiff,        ORDER

                      13-cv-670-wmc

DAVE (JOHN DOE) NURSE, *et al.*,

        Defendants.

---

DERRICK L. SMITH,

        Plaintiff,        ORDER

                      13-cv-671-wmc

PAUL MERGENDAHL, *et al.*,

        Defendants.

---

Plaintiff Derrick L. Smith, an inmate being held at the Marathon County Jail in Wausau, Wisconsin, has filed a eight proposed civil actions under 42 U.S.C. § 1983. With the exception of habeas corpus proceedings, the fee for civil actions filed after May 1, 2013, is $400 unless a litigant qualifies as indigent under the federal *in forma pauperis* statute,

2

28 U.S.C. § 1915(a), in which case the fee is $350. Plaintiff requests leave to proceed *in forma pauperis* in each case and has supplied a copy of his inmate trust fund account statement. After considering the motion and supporting documentation, the court concludes that plaintiff qualifies for indigent status for reasons set forth briefly below.

Because plaintiff is incarcerated, his case is governed by the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), which requires indigent inmates to pay by installment the entire filing fee for civil actions and appeals. The federal *in forma pauperis* statute does not permit a court to waive a prisoner's entire obligation to pay filing fees, but it does allow a qualifying individual to proceed without prepaying some or all of the filing fee. To determine whether a prisoner qualifies for indigent status for purposes of the PLRA, this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint. In other words, he must make an initial partial payment of the filing fee for each case before the court will consider his complaints. Thereafter, he shall be required to make monthly installment payments from his trust fund account. 28 U.S.C. § 1915(b)(2).

From plaintiff's trust fund account statement, 20% of the average monthly balance in plaintiff's account is $0.00, but 20% of the average monthly deposits is $1.60. Because the greater of the two amounts is 20% of the average monthly deposits, or $1.60, this is the amount plaintiff will be assessed as an initial partial payment of the filing fee for each case.

For these cases to proceed, plaintiff must submit this amount in each case on or before October 21, 2013.

ORDER

IT IS ORDERED that:

1. The motion filed by plaintiff Derrick Smith for leave to proceed without prepayment of fees is GRANTED.

2. Plaintiff is assessed $1.60 as an initial partial payment of the $350 fee for filing each of his civil actions (Case Nos. 13-cv-591, 644, 645, 646, 647, 658, 670 and 671) as an indigent litigant. He shall submit a check or money order made payable to the "Clerk of Court" in the amount of $1.60 in each case on or before October 21, 2013. **Plaintiff is advised that, if he fails to comply as directed or show cause of his failure to do so, the court will assume that he does not wish to proceed and these cases will be dismissed without further notice pursuant to Fed. R. Civ. P. 41(a)**.

3. No further action will be taken in any of these cases until the court receives plaintiff's initial partial filing fee(s) as directed above and the court has screened his complaints as required by the PLRA, 28 U.S.C. § 1915A. Once

the screening process is complete, a separate order will issue as soon as practicable depending on the demands of this court's docket.

Entered this 30th day of September, 2013.

                      BY THE COURT:

                      /s/
                      PETER OPPENEER
                      Magistrate Judge