IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK L. SMITH,

       Plaintiff,                                     OPINION AND ORDER

     v.                                                    13-cv-591-wmc

PAUL MERGENDAHL, *et al.*,

       Defendants.

---

      State inmate Derrick L. Smith has filed this civil action pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement at the Marathon County Jail. He has been granted leave to proceed *in forma pauperis* in this case under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b)(1). Because he is incarcerated, the PLRA also requires the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this very lenient standard, Smith's request for leave to proceed must be denied for reasons set forth below.

FACTS

For purposes of this order, the court accepts all well-pled allegations as true and assumes the following probative facts.[1]

The plaintiff, Derrick L. Smith, has a lengthy criminal record of convictions from Marathon County, Wisconsin, dating back to at least 1996. Smith turned himself in to the Marathon County Jail on June 5, 2012, after he was charged with several felony offenses in Marathon County Case No. 2012CF386.[2] Smith was also charged with violating the terms of his supervised release from a previous sentence of imprisonment. Following the revocation of his parole and return to state prison in October 2012, Smith was transferred from the Marathon County Jail to the Dodge Correctional Institution ("DCI") of the Wisconsin Department of Corrections ("WDOC"). In February 2013, Smith was assigned to the Columbia Correctional Institution ("CCI"). On August 6, 2013, Smith was released from state prison on extended supervision. Because a detainer was pending against him from Marathon County, Smith returned to custody at the Marathon County Jail, where he is currently awaiting trial in Case No. 2012CF386.

In this case, Smith has filed suit under 42 U.S.C. § 1983 against the following individuals employed at the Marathon County Jail: Administrator Paul Mergendahl;

---

[1] The court has supplemented the sparse allegations in the complaint with dates and procedural information about plaintiff's underlying criminal case from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited November 15, 2013). The court draws all other facts from the complaint in this case and several others filed recently by Smith, as well as any exhibits attached to his pleadings. *See* FED. R. CIV. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider those documents to determine whether plaintiff has stated a valid claim).

[2] Smith has been charged in that case with first-degree sexual assault with a dangerous weapon; substantial battery intending bodily harm; strangulation and suffocation (two counts); false imprisonment; and victim intimidation by use or attempted use of force. *See State v. Derrick L. Smith*, Marathon County Case No. 2012CF386.

Physician's Assistant Melee Thao; several "John Doe Guards"; "John [and] Jane Doe Medical Staff." On August 6, 2013, Smith was admitted to the Marathon County Jail following his release from state prison onto extended supervision. Smith promptly began submitting requests to be treated for the following medical issues: (1) "incapacitating neck pain" from a degenerative bone condition; (2) unstable blood sugar due to Type II Diabetes; (3) "intense" chest pain from a 9 millimeter bullet and its fragments moving around in his chest; (4) blood in his stool; (5) pain from carpal tunnel syndrome in both hands; (6) "skin breaking out" on his "head, face, chest, arm [and] back leaving permanent scars [and] pain."

Although Smith was examined by P.A. Thao, he contends that "very little to NOTHING" has been done about his medical problems by jail staff. In addition to his claims of inadequate medical care, Smith also asserts that: (1) his medication was lost or stolen from among the personal property that was shipped to the Marathon County Jail from state prison; (2) he was given other medications at the Jail "of a different shape and size," which made him dizzy and sick to his stomach; (3) he was denied a "change of jail uniform" on August 13, 2013; (4) he fell out of the top bunk injuring his head and neck due to negligent design of the Jail's bunk beds; (5) jail guards placed him in an "unclean, bloody cell" for the purpose of inflicting "psychological torture."

OPINION

A complaint may be dismissed for failure to state a claim where the plaintiff alleges too little, failing to meet the minimal federal pleading requirements found in Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). It is not necessary for a

plaintiff to plead specific facts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). To demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in the alleged constitutional deprivation. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Walker v. Taylorville Correctional Ctr.*, 129 F.3d 410, 413 (7th Cir. 1997) (noting that "personal involvement" is required to support a claim under § 1983). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The complaint in this case is just such a "threadbare" list of claims and must be dismissed. Even construing his complaint with an abundance of generosity, there are virtually no facts in support of the host of claims asserted against any one defendant *personally* -- other than making brief reference to P.A. Thao. Moreover, there is *no* information showing which, if any, of the defendants were personally involved with the asserted violations. Because Smith's proposed complaint does not meet the pleading standard found in Fed. R.

Civ. P. 8(a), the complaint must be dismissed without prejudice for failure to state a claim.

In addition to the complaint's shortcomings under Fed. R. Civ. P. 8(a), Smith lodges numerous, factually and legally distinct claims against multiple defendants in a manner that does not comply with federal pleading rules on joinder. Specifically, a plaintiff may only join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). As a corollary, a plaintiff is only allowed the joinder of several defendants if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a).

In this case, Smith fails to demonstrate how the defendants are related to a single transaction or common question of law and fact. By lodging unrelated claims against multiple defendants, the complaint does not comport with the federal pleading rules found in Fed. R. Civ. P. 18(a) or 20(a). The Seventh Circuit has emphasized that "unrelated claims against different defendants belong in different suits" and that federal joinder rules apply to prisoners just as to other litigants. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Given the Seventh Circuit's instruction that such "buckshot complaints" should be "rejected," Smith's complaint is subject to dismissal for violating these rules as well. *Id.*

The court would ordinarily afford an opportunity to amend a complaint with pleading deficiencies, but the one filed in this case suffers from another, incurable deficiency in one other respect: Smith reportedly arrived at the Marathon County Jail on August 13, 2013, and filed the instant complaint the following day, meaning that he did not attempt to exhaust administrative remedies as required before filing suit in this case. The PLRA prohibits any civil action by a prisoner in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted." 42 U.S.C. §

1997e(a). The exhaustion requirement found in § 1997e(a) applies to all inmate suits about prison life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Jones v. Bock*, 549 U.S. 199, 212 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). Because Smith concedes that he failed to exhaust available administrative remedies before filing suit in federal court, his request for leave to proceed will be denied and this case will be dismissed without prejudice.

ORDER

IT IS ORDERED that:

Plaintiff Derrick L. Smith's request for leave to proceed is DENIED and his complaint is DISMISSED without prejudice for failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997a(e).

Entered this 22nd day of November, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge